IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAMOL DJALILOV, <br>   **Petitioner,** <br> v. <br> DAVID O'NEILL, *et al.*, <br>   **Respondents.** | CIVIL ACTION NO.  25-6986 |

## MEMORANDUM OPINION

**Rufe, J.**                                     **December 19, 2025**

  Petitioner Kamol Djalilov is an immigrant from Uzbekistan who was recently detained by the Department of Homeland Security ("DHS") under the Immigration and Nationality Act ("INA") while his asylum application was pending. Before the Court is his 28 U.S.C. § 2241 petition challenging that detention. Like similarly situated individuals,[1] Djalilov argues that his detention rests upon an unlawful interpretation of 8 U.S.C. § 1225(b)(2) and denies him due process.[2] The Court agrees that Djalilov cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because of his established residence in the United States. As in prior cases before this Court,[3] the Petition will be granted.

---

[1] *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025).

[2] Petition [Doc. No. 1].

[3] *See Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025).

I.  **BACKGROUND**

Kamol Djalilov is a thirty-six-year-old citizen of Uzbekistan who came to the United States through the Southern Border to seek asylum.[4] He arrived in the United States in September 2022.[5] He was not apprehended upon his arrival.[6] Nonetheless, he has or will be served with a Notice to Appear in Removal Proceedings before an immigration judge because he entered the United States without inspection or admission.[7] After entering the country, Djalilov filed an Application for Asylum.[8]

On December 11, 2025, with his asylum application pending, Djalilov was summoned to court by a Magisterial District Judge for a preliminary hearing in Bensalem, Pennsylvania.[9] At the hearing, the Commonwealth of Pennsylvania withdrew criminal charges that had been filed against Djalilov.[10] The Petition does not specify the nature of these charges, but it does note that, after the charges were withdrawn, "two summary disorderly conduct citations were removed to the non-traffic court and completed."[11] When Djalilov left the hearing, he was detained by Immigration and Customs Enforcement ("ICE").[12] He did not receive a bond hearing.

Djalilov's detention is the product of a new DHS policy, under which "individuals present in the United States without admission or parole are now treated as applicants for admission subject to mandatory detention under § 1225(b)(2) rather than discretionary detention

---

[4] Petition ¶¶ 1, 2, 19 [Doc. No. 1].

[5] Petition ¶ 2 [Doc. No. 1].

[6] Petition ¶ 2 [Doc. No. 1].

[7] Petition ¶ 3 [Doc. No. 1].

[8] Petition ¶ 2 [Doc. No. 1].

[9] Petition ¶ 5 [Doc. No. 1].

[10] Petition ¶ 5 [Doc. No. 1].

[11] Petition ¶ 5 [Doc. No. 1].

[12] Petition ¶ 5 [Doc. No. 1].

under § 1226(a)."[13] The Board of Immigration Appeals adopted this interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).[14]

On December 11, 2025, Djalilov filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[15] The following day, this Court ordered the government to show cause why Djalilov's Petition should not be granted.[16] It also scheduled a show cause hearing.[17] By stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the briefs, as the parties requested.[18]

## II. LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[19] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[20]

## III. DISCUSSION

The issues of this case are not novel. As the parties acknowledge, numerous decisions of this district court have rejected *Hurtado* and found that the application 8 U.S.C. § 1225(b)(2) to

---

[13] Petition ¶¶ 5, 31-32 [Doc. No. 1]; *Yilmaz*, 2025 WL 3459484, at *1 (quoting *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025)).

[14] Petition ¶ 33 [Doc. No. 1].

[15] Petition [Doc. No. 1].

[16] 12/12/25 Order [Doc. No. 2].

[17] 12/12/25 Order [Doc. No. 2].

[18] 12/15/25 Stipulation and Order [Doc. No. 5].

[19] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[20] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

noncitizens residing in the United States is unlawful.[21] This Court will not diverge from its previous rulings.[22]

First, as in *Bhatia*, *Yilmaz*, *Centeno Ibarra*, and many similar district court decisions,[23] the Court concludes that Djalilov's petition is reviewable. The jurisdiction-stripping statutory provisions[24] cited by the government do not apply because Djalilov "challenges his detention rather than the initiation of removal proceedings, because [Djalilov] cannot obtain relief for his detention following a final order regarding removal, and because [Djalilov's] detention is not the byproduct of a discretionary determination."[25] Nor does Djalilov's failure to exhaust administrative remedies bar review, since the issue presented is purely one of statutory interpretation and since the BIA's decision in *Hurtado* would render the pursuit of further administrative remedies futile.[26]

Second, the Court herein similarly reads § 1225(b)(2) narrowly.[27] The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.[28] Instead, "the detention of noncitizens like [Djalilov] who have been long-present in the United States is governed by § 1226(a), which entitles them to a bond hearing before continued

---

[21] Gov't Response at 1-2 n.1 [Doc. No. 7]; Pet.'s Reply at 1-3 [Doc. No. 8]. *See supra* n.1.

[22] *See Centeno Ibarra*, 2025 WL 3294726 at *2-3; *Yilmaz v.* 2025 WL 3459484 at *2-8; *Bhatia*, 2025 WL 3530075 at *2-3.

[23] *See supra* n.1.

[24] 8 U.S.C. § 1252(g), 1252(b)(9), 1252(a)(2)(B)(ii).

[25] *See Yilmaz*, 2025 WL 3459484, at *2.

[26] *See id.*

[27] *See supra* n.1.

[28] *See id.* at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

detention is permitted."[29] Section 1226(a)'s predominance is further demonstrated by the titles of § 1225 and § 1226, as well as by agency practice, the rule against superfluity, recent amendments to § 1226, and the canon of constitutional avoidance.[30]

Similarly to *Bhatia*, *Yilmaz*, and *Centeno Ibarra*, Djalilov may be detained under the INA only if, under § 1226(a) and the applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or harm to the community.[31] Here, although Djalilov acknowledges that criminal charges were brought against him and subsequently withdrawn,[32] the government does not argue that Djalilov is either likely to flee or otherwise dangerous. For those reasons, a bond hearing is unnecessary, and the Court will order Djalilov's immediate release.[33]

## IV. CONCLUSION

For the same reasons as in *Bhatia*, *Yilmaz*, and *Centeno Ibarra*, the DHS lacked legal authority to mandatorily detain Petitioner Kamol Djalilov without a bond hearing under 8 U.S.C. § 1225(b)(2). The Court will grant his Petition. An order will follow.

---

[29] *Yilmaz* at *3; *see also Centeno Ibarra* at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

[30] *See Yilmaz* at *3; *Centeno Ibarra* at *5-7.

[31] *See Yilmaz* at *3; *Centeno Ibarra* at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[32] Petition ¶ 5 [Doc. No. 1].

[33] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 533 U.S. 723, 779 (2008)).